IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LEON E. MILLENTREE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-0394-CV-W-ODS |
| ) | |
| TENT RESTAURANT OPERATIONS, ) | |
| INC. d/b/a FOX AND HOUND ) | |
| SMOKEHOUSE AND TAVERN, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO REMAND

Pending before the Court is Plaintiff's Motion to Remand (Doc. # 7). After considering the parties' arguments, the Court DENIES Plaintiff's Motion.

I. BACKGROUND

On November 21, 2007, Plaintiff Leon E. Millentree, Jr. ("Plaintiff") filed a personal injury action in the Circuit Court of Jackson County, Missouri against Fox and Hound of Missouri, Inc. ("Fox and Hound"). Plaintiff, a Missouri resident, claimed that Fox and Hound was grossly negligent in serving an excessive amount of alcohol to one of its customers, William T. Stoner ("Stoner"). Stoner allegedly left Fox and Hound tavern and attempted to drive his vehicle from the premises. Stoner then allegedly struck and injured Plaintiff in the Fox and Hound parking lot.

Fox and Hound filed its Answer on February 27, 2008, claiming as an affirmative defense that Plaintiff sued the wrong party in interest because Fox and Hound had merged into Bailey's Sports Grille, Inc., a Delaware corporation. Fox and Hound further claimed that Bailey's Sports Grille, Inc. had changed its name to TENT Restaurant Operations, Inc. ("TENT"). On May 5, 2008, Plaintiff filed its Motion for Leave to Amend

by Interlineation to name TENT as the defendant.  The motion was granted.  TENT filed its Notice of Removal on May 27, 2008 based on the diversity of the parties and the case was removed to this Court.  On June 16, 2008, Plaintiff filed its Motion to Remand the case back to the Circuit Court of Jackson County alleging that TENT's removal was untimely under 28 U.S.C. § 1446.

## II.  DISCUSSION

District courts shall have original jurisdiction over cases in which the matter in controversy exceeds $75,000 and the parties are citizens of different states.  28 U.S.C. § 1332(a).  As both those requirements are met here, the only issue in front of this Court is whether TENT's removal was timely under 28 U.S.C. § 1446(b).

A defendant shall file a notice of removal within thirty days after receipt of a copy of the initial pleading setting forth the basis for the claim.  28 U.S.C. § 1446(b). However:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.

Id.  Plaintiff claims that TENT's Notice of Removal was untimely because TENT had first ascertained that the case had become removable by February 27, 2008, when Fox and Hound alleged as an affirmative defense in its Answer that the real party in interest was TENT.  Defendant argues that its removal was timely because the thirty day period started only when Plaintiff amended the Petition to name TENT as Defendant, and Plaintiff's Petition was not removable to this Court before then.

In analyzing § 1446(b), the Supreme Court has noted the bedrock principle that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under the court's authority. . . ."  Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 347 (1999).  Therefore, a defendant is bound by the thirty day time limit for removal only upon service of a summons or other

2

authority-asserting measure.  Marano Enters. v. Z-Teca Rests., 254 F.3d 753, 756 (8th Cir. 2001).

"The time for removal should not commence until the court grants leave to amend, if such leave is required. . . . Until the amendment is authorized, there is no dispute before the court."  Davis v. Bemiston-Carondelet Corp., No. 4:05CV941, 2005 U.S. Dist. LEXIS 42349, at *11 (E.D. Mo. Oct. 4, 2005) (quoting Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir. 1998) and noting that the court could not locate relevant case law in the Eighth Circuit, but the Seventh Circuit could provide persuasive guidance). Otherwise, jurisdiction is grounded on the speculation that the court will grant a motion to amend.  Id.  "The statutory language . . . speaks of a motion or other paper that discloses the case is or has become removable, not that it may sometime in the future become removable if something happens. . . ."  Id. at *10.  In short, TENT's time to remove could not start before TENT become a party in the case.

Although this Court could not locate an on point Eighth Circuit case, the United States District Court for the Southern District of Georgia ruled on a case with almost identical facts.  See Bussey v. Seaboard Coast Line R.R. Co., 319 F. Supp. 281 (S.D. Ga. 1970).  In Bussey, Plaintiff filed an action against the Georgia Railroad.  Id. Seaboard Coastline Railroad Company ("Seaboard") answered and asserted an affirmative defense that Georgia Railroad did not exist; it was a trade name of Seaboard.  Id. at 282.  The Plaintiff then amended the complaint to name Seaboard as the defendant.  Id.  The court held that "[s]ervice on Seaboard Coast Line was not effected by serving 'The Georgia Railroad Company, a corporation.'"  Id.  The court went on to hold that Seaboard did not have to attempt removal until Plaintiff "cured the defect as to the parties.  Until such amendment was filed there was *no* defendant, the Georgia Railroad being incapable of becoming a party."  Id. (emphasis in original).

TENT could not have removed until properly brought under the court's authority. Although TENT might have been aware that it would probably be brought into the suit, it could not remove before the court granted Plaintiff's Motion to Amend.  To hold otherwise would be asking TENT to anticipate the court's ruling and act before it had made its decision. The court could have denied Plaintiff's Motion to Amend, and TENT

might never have been a named party. Or Plaintiff might have opted not to sue TENT.

Similar to Bussey, until Plaintiff's amendment was granted, TENT was not the defendant. If Fox and Hound had not answered and the court entered a default judgment against it, Plaintiff could not have looked to TENT to recover. These parties were not one and the same. Therefore TENT's thirty day time period began when it was brought under the court's authority, not when it ascertained that the case might be removable *if* Plaintiff filed a Motion to Amend and the court granted it. This Court agrees with Defendant and finds its removal was timely under 1446(b).

### III. CONCLUSION

This Court DENIES Plaintiff's Motion to Remand.

IT IS SO ORDERED.

DATE: October 8, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

4