IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LEON E. MILLENTREE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-0394-CV-W-ODS |
| ) | |
| TENT RESTAURANT OPERATIONS, ) | |
| INC. d/b/a FOX AND HOUND ) | |
| SMOKEHOUSE AND TAVERN, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION DENYING DEFENDANT'S MOTION TO COMPARE FAULT AND TO JOIN ADDITIONAL PARTY AS DEFENDANT

Pending is Defendant's Motion to Compare Fault and to Join an Additional Party (William Travis Stoner) As Either a Joined Party Defendant, or as a Third Party Defendant, or in the Alternative, for Certified Question ("Motion") (Doc. # 30). For the following reasons, Defendant's Motion is denied.

On September 30, 2006, Plaintiff was a patron at Defendant Fox and Hound ("Defendant"), a bar and restaurant in Independence, Missouri. At approximately the same time, William Travis Stoner ("Stoner") was also a patron at Defendant. Both Plaintiff and Stoner consumed alcohol furnished by Defendant. Later, Stoner left the bar and got into his pick-up truck to drive away. At around the same time, Plaintiff left the bar and was walking in the parking lot when Stoner hit Plaintiff with his truck, causing severe injuries to Plaintiff.

Plaintiff filed this action against Defendant under the Missouri Dram Shop Statute, Mo. Rev. Stat. § 537.053.2, alleging that Defendant knowingly served alcohol to Stoner while he was visibly intoxicated. Prior to filing suit against Defendant, Plaintiff settled his claims against Stoner in exchange for $50,000, the limits of Stoner's insurance policy. Defendant now argues that the Missouri Legislature's 2005 tort reform legislation, specifically Mo. Rev. Stat. § 537.067, requires that Stoner's fault be compared to the fault of Plaintiff and Defendant.

> Section 537.067.1 states in relevant part:
>
> In all tort actions for damages, if a defendant is found be bear fifty-one percent or more of fault, then such defendant shall be jointly and severally liable for the amount of the judgment rendered against the defendants. If a defendant is found to bear less than fifty-one percent of fault, then the defendant shall only be responsible for the percentage of the judgment for which the defendant is determined to be responsible by the trier of fact.

In other words, under tort reform, joint and several liability applies to a defendant only if that defendant is at least fifty-one percent at fault. Conversely, prior to the 2005 tort reform, a plaintiff could recover all or part of his damages from any defendant, regardless of the defendant's proportion of fault. Capell v. Abbick, 123 S.W.3d 193, 195 (Mo. App. 2003). Defendant argues that Stoner's proportion of fault must be found by the trier of fact, because if Defendant is found to be less than fifty-one percent at fault, it will only be liable for its proportionate share of the damages.

Pursuant to Mo. Rev. Stat. § 537.060, however, which was enacted before the 2005 tort reform legislation, when two or more persons are liable in tort for the same injury, a tortfeasor who reaches a settlement agreement with the injured party in good faith is discharged from any and all liability for "contribution or non-contractual indemnity to any other tortfeasor." Instead, the settlement "shall reduce the claim by the stipulated amount of the agreement, or the consideration paid, whichever is greater." Mo. Rev. Stat. § 537.060. Stoner and Plaintiff reached such an agreement in this case; accordingly, Defendant agrees that it is barred from seeking damages in the form of contribution or indemnity from Stoner, and the jury's verdict, if any, will be reduced by $50,000 before Defendant's proportional share of the damages is calculated. Defendant argues, however, that pursuant to § 537.067, the jury must decide the relative fault of Stoner, despite the settlement agreement.

Defendant submits that the most efficient means of allocating fault to Stoner would be to permit the jury to find his percentage of fault without adding him as a party at trial. Defendant states this would continue to give effect to the policy behind § 537.060, which is to "encourage settlements between tort-feasors and injured claimants–with the incentive being a settling tort-feasor can put the incident to rest and

will not be subject to a later action for contribution." State ex rel. Sharma v. Meyers, 803 S.W.2d 65, 67 (Mo. App. 1990). Under Missouri law, however, "fault is only to be apportioned among those at trial." Kansas City Power & Light Co. v. Bibb & Associates, Inc., 197 S.W.3d 147, 159-60 (Mo. App. 2006) (citing Jensen v. ARA Services, 736 S.W.2d 374, 377 (Mo. 1987)). Defendant concedes, therefore, that Stoner's fault cannot be apportioned unless he is named as a party-defendant. Defendant maintains that § 537.060 will not be violated by joining Stoner in the matter merely for the purpose of having the jury apportion his fault; Stoner has still "bought his peace" because he cannot be liable for further damages.

The Court concludes, however, that the Missouri Supreme Court's interpretation of § 537.060 not only prohibits Stoner from being liable for contribution to Defendant, but also from being joined as a defendant, even if only to compare his fault. In Teeter v. Missouri Highway and Transportation Comm., a mother and father brought a wrongful death suit arising out of the death of their daughter in a car accident in which the mother was driving. 891 S.W.2d 817 (Mo. 1995) (en banc). Prior to trial, the mother settled her liability as a joint tortfeasor. Following the trial in which the jury returned a verdict of $500,000, but found the mother to be 90% at fault for the accident, the trial court gave the defendant Missouri Highway and Transportation Commission ("MHTC") a credit for the settlement agreements of the other tortfeasors, and then reduced the remaining damages by the mother's 90% of fault. The mother and father appealed.

The Missouri Supreme Court first stated that MHTC had failed to protect its right to contribution from the mother; "it neither sought to have the trial court disapprove of [the mother]'s settlement . . . nor contested the good faith nature of the settlement, § 537.060." Id. at 820-21. The court next stated that MHTC must be held liable for the full amount of the verdict because MHTC was the only defendant at trial and "[r]ules of joint and several liability do not apply to cases with one defendant. As the lone defendant, MHTC is solely liable." Id. at 821 (internal quotations omitted). MHTC argued, however, that the jury found it to be only 10% at fault, and therefore that it should only have to pay for 10% of verdict. The court stated that principles of comparative fault are also inapplicable in a trial with only one defendant. Id.

3

Finally, in response to MHTC's argument that each tortfeasor, whether a defendant at trial or not, should pay its equitable share of any judgment, the court stated that such a rule would conflict with § 537.060.  Teeter, 891 S.W.2d at 821.  The court held that "[a] settling defendant is dismissed from the action for all purposes, <u>including allocation of fault</u>.  Section 537.060 expresses the public policy of this state.  Any amendment of § 537.060 is in the hands of the legislature." Id.  (emphasis added).  Defendant suggests that Teeter cannot be relied on because it was decided before the legislature amended § 537.067 as part of tort reform.  However, in Teeter, the Missouri Supreme Court specifically invited the legislature to amend § 537.060 along with the court's interpretation that it prohibited settling tortfeasors from having their fault compared with nonsettling tortfeasors.  The legislature enacted tort reform and amended § 537.067 without amending § 537.060.  Accordingly, the Court concludes that Teeter is still good law and prohibits the joining of Stoner to this action.

Defendant's Motion to join Stoner for the purpose of comparing his fault is denied.  Additionally, Defendant's Motion to certify a question to the Missouri Supreme Court is denied.  See Missouri Supreme Court order of July 13, 1990 (stating that the Missouri Constitution, Art. V., §§ 3 and 4, does not allow the court to answer certified questions from the United States District Court for the Western District of Missouri).  The Court also declines to hear oral argument on this issue.

IT IS SO ORDERED.

DATE: May 14, 2009

/s/ <u>Ortrie D. Smith</u>
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT